IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

MAURICE DEWS                                                                                    PLAINTIFF
REG. #45176-007

v.                                         4:20-cv-01032-BRW-JJV

FEDERAL BUREAU OF PRISONS, *et al*.                                             DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Billy Roy Wilson. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen days from the date of the findings and recommendations. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

Mail your objections to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

### DISPOSITION

**I.     INTRODUCTION**

Maurice T. Dews ("Plaintiff"), incarcerated at the Federal Correctional Institution in Forrest City, Arkansas ("FCI-FC"), filed this action *pro se* pursuant to 42 U.S.C. § 1983. His claims arise from an alleged attack by another inmate. (*Id*. at 1.) According to Plaintiff, on

November 16, 2018, the other inmate beat him on the head repeatedly with a four foot long 2x4 piece of wood. (*Id*.) Plaintiff claimed every bone in his face was broken, requiring multiple surgeries and other medical treatment. (*Id*.) Plaintiff alleged failure to protect and seeks damages. (*Id*. at 2.)

As a part of the screening process, on October 8, 2020 I notified Plaintiff that his Complaint, as currently pled, failed to state a claim upon which relief may be granted. (Doc. No. 8.) I explained to Plaintiff the deficiencies in his Complaint. (*Id*. at 3-7.) Plaintiff was given thirty (30) days to cure the Complaint's defects by filing a superseding Amended Complaint; a blank 42 U.S.C. § 1983 was mailed to him. (*Id.* at 8-9.) He was cautioned that if he did not file an Amended Complaint within thirty (30) days, his Complaint could be dismissed without prejudice. (*Id*. at 9.) Plaintiff has filed his Amended Complaint. (Doc. No. 9.) I will now continue screening his claims.

**II.    SCREENING**

The PLRA requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations must be weighted in favor of Plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even

been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts." *Id*. But whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III.  PLAINTIFF'S COMPLAINT

In his Amended Complaint, Plaintiff named FCI-FC Officers Lovell and Bashaw, and an unnamed warden, as Defendants; he sued Defendants in their official capacity only. (Doc. No. 9 at 1-2.) Plaintiff alleged he was attacked by another inmate and seriously injured. (*Id*. at 4.) He claims that when he was attacked, neither Defendant "was around to supervise the floor." (*Id*.) Plaintiff explained that he "filed a tort claim with the South Central Regional Office and North Central Office," but has not received any response. (*Id*. at 5.) Plaintiff asks the Court "to find these people and Forrest City FCI guilty of being negligent" and seeks damages. (*Id*. at 6.) Plaintiff's Amended Complaint is deficient for the reasons set out below.

#### A.  *Bivens* Claims

While Plaintiff brought suit under 42 U.S.C. § 1983, his claims are properly characterized as falling under *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*. 403 U.S. 388 (1971). When Plaintiff was given the opportunity to amend his Complaint, I advised him that *Bivens* claims may be brought against a federal officer in his personal capacity only, and do not apply to a federal officer acting in his official capacity. (Doc. No. 8 at 4) (*citing Corr. Servs. Corp. v. Malesko*, 435 U.S. 61, 69-71 (2001)). Nonetheless, Plaintiff sued Defendants in their official capacities only. Accordingly, Plaintiff has failed to state a *Bivens* claim on which relief may be granted against Officers Lovell and Bashaw and the Doe warden.

When given the chance to amend, Plaintiff was also cautioned that "a *Bivens* action cannot be prosecuted against the United States and its agencies because of sovereign immunity." *Buford v. Runyon*, 160 F.3d 1199, 1203 (8th Cir. 1994). A "prisoner may not bring a *Bivens* claim against the . . . BOP." *Corr. Servs. Corp. v. Malesko*, 435 U.S. 61, 72 (2001). Plaintiff did not name the BOP as a Defendant in his Amended Complaint. As such (and because a *Bivens* claim against the BOP would fail), Plaintiff's claims against the BOP should be dismissed.

### B. Federal Tort Claims Act Claims

Plaintiff clarified in his Amended Complaint that he intended to bring a Federal Tort Claims Act ("FTCA") claim in this case. (Doc. No. 9 at 5.) Exhaustion of administrative remedies is a jurisdictional prerequisite to FTCA claims. *Porter v. Fox*, 99 F.3d 271, 274 (8th Cir. 1996). Plaintiff alleges he filed a tort claim but did not receive a response within the relevant time period. (Doc. No. 9 at 5.) The law provides that "[a]n action shall not be instituted upon a claim against the United States for money damages for . . . personal injury . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675(a). If an agency fails to make a final disposition of the claim within six months after it is filed, the failure is "deemed a final denial of the claim . . . ." *Id*.

Communication from Regional Counsel for the Federal Bureau of Prisons reflects that Plaintiff's claim was received and initially accepted on December 11, 2019. More than six months passed before Plaintiff filed suit. At this point, it appears Plaintiff exhausted his administrative claim. Nonetheless, Plaintiff's FTCA claim fails. An FTCA claim can be brought only against the United States. *See* 28 U.S.C. § 1346(b)(1); *Duncan v. Dept. of Labor*, 313 F.3d 445, 447 (8th Cir. 2002). An FTCA claim cannot be brought against an individual federal employee. *See*

4

*Knowles v. United States*, 91 F. 3d 1147, 1150 (8th Cir. 1996). So, when an individual is injured by the negligence of an "employee of the United States who is acting within the scope of his employment, that employee cannot be sued. Rather, the injured person must sue the United States which is liable in its employee's stead." *Id*. Similarly, an FTCA cannot be brought against a federal agency. *See Duncan*, 313 F.3d at 447. Plaintiff did not name the United States as a Defendant. Accordingly, Plaintiff failed to state an FTCA claim on which relief may be granted and I recommend that claim be dismissed without prejudice.

I realize Plaintiff may perceive my findings as an unfairly technical "gotcha" mechanism to keep him out of court, but the law requires FTCA claims be brought against the United States.

IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's Complaint, as amended (Doc. No. 9) be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

2. Dismissal of this action count as a "strike" for purposes of 28 U.S.C. § 1915(g).[1]

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations and the accompanying Judgment would not be taken in good faith.

DATED this 5th day of November 2020.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[1] Title 28 U.S.C. § 1915(g) provides as follows: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."